IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2022

## STATE OF TENNESSEE v. MICHAEL SHEPARD

**Appeal from the Criminal Court for Wilson County**
**No. 16-CR-803    Brody Kane, Judge**

_____

### No. M2021-01346-CCA-R3-CD

_____

The defendant, Michael Shepard, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2017 Wilson County Criminal Court Jury convictions of statutory rape by an authority figure. Discerning no error, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and J. ROSS DYER, JJ., joined.

Michael Shepard, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Jason L. Lawson, District Attorney General; and Thomas Swink, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In November 2017, a Wilson County Criminal Court Jury convicted the defendant of two counts of statutory rape by an authority figure. The trial court imposed a Range I sentence of 5 years for each conviction and ordered that they be served consecutively to one another, resulting in a total effective sentence of 10 years' incarceration. The defendant did not perfect a direct appeal and did not pursue relief pursuant to the Post-Conviction Procedure Act.

On August 30, 2021, the defendant moved the trial court pursuant to Rule 36.1 to correct an illegal sentence. In his motion, the defendant did not assert any specific

illegality in his sentence but asked the court to realign his sentences so that they could be served concurrently rather than consecutively. The trial court denied relief, observing that the court had imposed consecutive sentences based upon a finding that the defendant was convicted of two or more statutory offenses involving the sexual abuse of a minor as authorized by Code section 40-35-115(b)(5).

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Although he fleshes his claim out more completely than he did in his original motion, the defendant's sole complaint is that the trial court should not have aligned his sentences consecutively. "Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors," and the defendant's claim of improper sentence improper sentence alignment falls squarely within in the category of "appealable errors" that would not render the sentence illegal. *Wooden*, 478 S.W.3d at 595. The defendant was convicted of two counts of statutory rape by an authority figure for the sexual penetration of the victim, who was more than 13 but less than 18 years old at the time. Code section 40-35-115(b)(5) specifically authorizes consecutive sentences when "[t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor." T.C.A. § 40-35-115(b)(5). Because the defendant's sentences were authorized by statute at the time of his convictions, they cannot be classified as illegal in the context of Rule 36.1. *See Wooden*, 478 S.W.3d at 595.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE